UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:15-cv-00118-BLW |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| AMBER D. SMOUT, | |
| Defendant. | |

The Court has before it Defendant's Motion to Correct Clerical Error in Judgment (Dkt. 50). Rule 36 allows the Court to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission." Fed. R. Crim. P. 36(a). This rule permits a court to correct a sentence so that it "comform[s] . . . to the term which the record indicates was intended." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984). Whether or not an error is, indeed, "clerical"—and thus correctable under rule 36—depends on "the intention of the judge at the time the error was made." *United States v. Goodwin*, 15 F. App'x 511, 514 (9th Cir. 2001) (*quoting In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986)). While a court may not use rule 36 as a vehicle for "chang[ing] its mind," that rule is available to correct a sentence that is based on the BOP's erroneous calculation of the amount of time a defendant has previously served in custody. *Cf. United States v. Claudio*, 44 F.3d 10, 16 (1st Cir. 1995).

Here, the intent of the undersigned judge was to sentence the defendant to a term that took into account the 172 days that the defendant had apparently overserved. Now that the time has been recalculated to 145 days, the Court must amend its judgment to reflect that difference. Accordingly, the Court will amend the judgment to reflect a 9-month sentence instead of a 10-month sentence, and defendant shall be immediately released.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Correct Clerical Error in Judgment (Dkt. 50) is **GRANTED**. The Court will enter a separate amended judgment.

DATED: July 17, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge